Attorneys—Scott & Bissell, for Rattay; Farrell & Edwards, for Mills, all of Cleveland.

---

No. 597

OSINSKI v. STATE

Ohio Appeals, 6th Dist., Fulton Co.
No. 78. Decided June 8, 1925.

333. CRIMINAL LAW—Failure of person to testify in certain cases, may be considered by court and jury, and may be made subject of comment by counsel.

661. INTOXICATING LIQUORS—Charge, alleging unlawful possession of, need not specify or designate the particular kind of intoxicating liquor.

YOUNG, J.

John Osinski, was indicted for the manufacture of intoxicating liquors and for being in possession of property designated for the

manufacture of liquor intended to be used in violation of law.

The case was tried to a jury in the Fulton Common Pleas and Osinski was found guilty on both counts. He was sentenced from one to five years in the penitentiary, on the first count, and a fine of $500 on the second count.

Error was prosecuted and Osinski contended that there was insufficient testimony to warrant a conviction; that there was no proof of distillation of liquor, or manufacture of distilled liquor of intoxicating quality. It is also claimed that the court erred in refusing certain requests in its charge. The Court of Appeals held:

1. The evidence and proof warranted a submission of the case to the jury.

2. It has been held that even in a charge setting forth that defendant was in unlawful possession of intoxicating liquors in violation of statute, need not specify or designate the particular kind of intoxicating liquor so unlawfully possessed. State v. Marioinski, 103 OS. 613.

3. Osinski's failure to testify may be considered by the court and jury and may be made the subject of comment by counsel. There were facts connected with this transaction calling for some explanation on part of Osinski, and if he was not guilty of the offenses charged, it might have been easy for him to explain the incriminating circumstances.

4. When it is apparent in the record that the verdict of conviction is right, and no manifest and prejudicial error has been committed in the proceedings below, even though a technical error might have intervened, a reviewing court would not be warranted in disturbing the judgment. Judgment affirmed.

Attorneys—E. M. Flowers and J. W. Ham for Osinski; Davis B. Johnson for State; all of Wauseon.